UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN CLAYBRON,

        Petitioner,               Case Number: 04-CV-72187

v.                                            HON. GERALD E. ROSEN

JOHN CASON,

        Respondent.
_____/

## OPINION AND ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Jovan Claybron filed a *pro se* petition for a writ of habeas corpus. On November 30, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

When a habeas applicant seeks permission to initiate appellate review of the

dismissal of his petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Respondent filed a motion for summary judgment on the ground that the petition for a writ of habeas corpus was barred from review because it was untimely. The Court granted Respondent's motion and dismissed the petition for a writ of habeas corpus because it was not timely filed.

Petitioner's conviction became final and the one-year limitations period commenced to run on October 18, 2000. Therefore, absent state collateral review, Petitioner would have been required to file his application for habeas corpus by October 18, 2001, to comply with the one-year limitations period. Petitioner filed a petition for a writ of habeas corpus in this Court on January 3, 2001. That petition remained pending

until May 24, 2001, when the Court granted Petitioner's motion to withdraw petition and dismissed the petition without prejudice. Claybron v. Jones, No. 01-70336 (E.D. Mich. May 24, 2001) (Cohn, J.). Petitioner argued that the limitations period should be tolled while his first habeas petition was pending in this Court. The Court held that Petitioner failed to exercise diligence in pursuing his rights, an essential component of the doctrine of equitable tolling. *See, e.g.,* Morgan v. Money, 2000 WL 178421 (6th Cir. Feb. 8, 2000). Therefore, the Court declined to equitably toll the limitations period.

This Court holds that jurists of reason would not find the conclusion that the petition was barred by the limitations period to be debatable or wrong. *See* Slack, 529 U.S. at 484. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Petitioner has filed a Motion to Proceed on Appeal *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the

Court's conclusion that the petition was time barred to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion for Leave to Proceed *In Forma Pauperis* On Appeal.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

    s/Gerald E. Rosen
GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

Dated: 2/8/06